IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | EP-07-CR-02119-KC |
| RUBEN ZAMORA, | § | |
| Defendant. | § | |

## ORDER

On this day the Court considered Defendant Ruben Zamora's Motion to Dismiss. For the reasons set forth herein, the Motion is **DENIED**.

### I. BACKGROUND

On July 31, 2007, Defendant was arrested on the charge of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841. *See* Compl. (Doc. No. 1)*, United States v. Zamora*, EP-07-MJ-3823-RPM ("*Zamora I*"). On August 7, 2009, Magistrate Judge Richard P. Mesa found no probable cause to support the charge against Defendant and dismissed the Government's Complaint. *See* Order, August 7, 2007, *Zamora I*. On August 23, 2007, the Government filed a two-count Indictment against Defendant charging him with conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). *See* Indictment (Doc. No. 14).

On October 13, 2007, Defendant was arrested in Hudspeth County, Texas, and charged with unlawful possession of marijuana in violation of state law. Gov't's Resp. 3. Defendant pleaded guilty to that charge. *Id.* On October 20, 2007, while in custody on the state charge,

1

Defendant encountered an immigration enforcement agent. *Id.* On December 18, 2007, Defendant was released from state custody and transferred to the custody of United States Customs and Border Protection. *Id.* On January 7, 2008, Defendant pleaded guilty before Magistrate Judge Mesa to Improper Entry by an Alien and was sentenced to sixty days incarceration. Judgment (Doc. No. 1), *United States v. Ruben Zamora-Ortiz*, EP-07-mj-5868-RPM ("*Zamora II*"). On January 10, 2008, Defendant was removed to Mexico. Indictment (Doc. No. 8), *United States v. Zamora-Ortiz*, EP-09-cr-692 ("*Zamora III*").

On February 18, 2009, Defendant again reentered the United States and was arrested and charged with Illegal Reentry in violation of 8 U.S.C. § 1326. *See* Compl. (Doc. No. 1) *Zamora III*. Defendant pleaded guilty to this charge on May 12, 2009, before District Judge David Briones. *See* Minute Entry (Doc. No. 18), *Zamora III*. On June 18, 2009, while in federal custody on the § 1326 charge, Defendant was arrested pursuant to the warrant issued on August 29, 2007. *See* Minute Entry, June 18, 2009, *United States v. Ruben Zamora*, EP-07-cr-2119-KC ("*Zamora IV*").

## II. DISCUSSION

Defendant seeks dismissal of the Indictment based upon his right to a speedy trial under the Sixth Amendment of the United States Constitution and based upon Federal Rule of Criminal Procedure 48. *See* Def.'s Mot. 2.

### A. Sixth Amendment violation

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. AMEND VI. The right attaches at the time a federal accusation is made, whether by arrest or indictment. *See United States v. MacDonald*,

456 U.S. 1, 6 (1982) (citing *United States v. Marion*, 404 U.S. 307, 313 (1971)). To determine whether a defendant has been deprived of his Sixth Amendment right to a speedy trial, a court considers four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 513, 530 (1972). The court balances the factors by "weigh[ing] the first three *Barker* factors . . . against any prejudice suffered by the defendant due to the delay in the prosecution. Obviously, in this balancing, the less prejudice a defendant experiences, the less likely it is that a denial of a speedy trial right will be found." *U.S. v. Molina-Solorio*, --- F.3d ---- , 2009 WL 2217732, at *3 (5th Cir. July 27, 2009) (quoting *United States v. Serna-Villareal*, 352 F.3d 225, 230-31 (5th Cir. 2003)).

"The first factor, the length of the delay, defines a threshold in the inquiry: there must be a delay long enough to be 'presumptively prejudicial.'" *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986) (quoting *Barker*, 407 U.S. at 530). This delay must be sufficiently lengthy to "give rise to a presumption of prejudice that triggers examination of the remaining *Barker* factors." *Goodrum v. Quarterman*, 547 F.3d 249, 257 (5th Cir. 2008) (citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). Generally, courts view a delay of one year as sufficient to require a full *Barker* analysis. *Id.* If the delay is less than one year, a defendant must demonstrate actual prejudice. *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007).

In this case, the Government concedes that the first factor has been met. *See* Gov't's Resp. 5. More than one year and ten months has passed between the return of the Indictment on August 27, 2007, and Defendant's subsequent arrest on June 18, 2009. This delay is sufficient to trigger the full *Barker* analysis. Accordingly, the Court will go on to consider the other *Barker*

3

factors.

The second factor, the reason for the delay, cuts strongly in favor of a defendant when the Government acts in bad faith, such as delaying prosecution with the purpose of prejudicing the defendant. *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006) (citing *Doggett*, 505 U.S. at 656). "Cases of 'official negligence' weigh less heavily against the Government, and 'the weight assigned to [negligent delay] increases as the length of the delay increases.'" *Id.* (quoting *Serna-Villareal*, 352 F.3d at 232).

In this case, there is nothing to suggest that the Government was acting in bad faith. On at least two separate occasions the Government had custody of Defendant yet failed to execute the arrest warrant. This occurred when the Government took Defendant into federal custody pursuant to the immigration detainer lodged while he was in state custody in December 2007, as well as when it subsequently arrested Defendant and charged him with illegal reentry in February 2009. The Government concedes that it should have executed the warrant in this case on both of those occasions; but, it asserts that this course of events was the result of negligence. Defendant does not dispute this. Indeed, despite the pending arrest warrant, the Government went so far as to release Defendant from custody when it deported him in January 2008 despite the pending arrest warrant. It would be difficult to argue that such action is in bad faith.

Turning to the third factor, a defendant's assertion of his right, the Government concedes that this factor weighs in Defendant's favor. *See* Gov't's Mot. 7. The Government explains that Defendant could not have asserted his right to a speedy trial because he could not have known about the Indictment in order to seek a speedy trial. *Id.* at 7. This factor weighs in favor of Defendant.

With regard to the fourth factor, prejudice to the defendant, the Supreme Court in *Barker* explained:

> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system

*Barker*, 407 U.S. at 532.

The first two considerations are of no concern in this case. During the period of delay due to the Government's mistakes, Defendant was not incarcerated based upon the arrest warrant issued in this case. Furthermore, Defendant was unaware of the existence of the pending charges in this case. Therefore, Defendant was neither subjected to oppressive pre-trial incarceration nor could he have been anxious about these charges. The first two concerns identified by the Supreme Court in *Barker* are not relevant here. While it is possible that Defendant's defense was negatively impacted by the delay, Defendant has not made that claim. *See id.* at 534 (noting that prejudice was minimal when there was no claim that any witnesses had died or otherwise had become unavailable due to the delay). Nevertheless, because the third kind of prejudice is "the most difficult form of speedy trial prejudice to prove," the Supreme Court has stated that "excessive delay" can "presumptively compromise[] the reliability of a trial." *Doggett*, 505 U.S. at 655-56. Such prejudice will be presumed "where the first three *Barker* factors weigh so heavily in favor of the defendant" that he need not demonstrate actual prejudice to obtain relief. *Serna-Villareal*, 352 F.3d at 231.

In determining whether the first three *Barker* factors weigh sufficiently in favor of a

defendant that prejudice may be presumed, the Fifth Circuit has found that a three year and six month delay due to government negligence did not warrant a finding of presumed prejudice. *Id.* at 232. The Fifth Circuit further noted that courts generally have found presumed prejudice in cases in which the post-indictment delay lasted at least five years. *Id.* at 232. Based upon these holdings, the Court finds that the twenty-two month delay between Indictment and arrest due to Government negligence, during which Defendant was free from incarceration and unaware of the pending charges, is insufficient to presume prejudice warranting dismissal. The *Barker* factors do not weigh in Defendant's favor.

Furthermore, Defendant has failed to show actual prejudice. Defendant appears to argue that he was actually prejudiced because the proposed sentence included in the Pre-Sentence Report ("PSR") for his illegal reentry prosecution was heightened by these pending charges. *See* Def.'s Mot. 5. While the Court is uncertain of the contents of the PSR in the Illegal Reentry case, the Court is certain that Defendant has suffered no actual prejudice because no sentencing has yet taken place on the Illegal Reentry charges, which are currently pending before this Court.

Defendant likens this case to *United States v. Hay*, 187 F. Supp. 2d 653 (N.D. Tex. 2002), where the district court dismissed an indictment due to a Sixth Amendment violation. *United States v. Hay*, 187 F. Supp. 2d at 660. In *Hay,* however, the defendant was subjected to "oppressive pretrial incarceration, which was accompanied by [] anxiety and concern as to the outcome of the federal charges . . . ." *Id.* at 660. In addition, the Government in *Hay* provided no explanation for the delay. *Id.* at 659. Based upon that failure to explain, the court concluded that either the prosecutor's bad faith or gross negligence was behind the delay. *Id.* The Court finds *Hay* to be inapposite. Most significantly, unlike the defendant in *Hay*, Defendant has not

6

been incarcerated during the delay, at least not due to the charges pending against him in this case. Further, unlike the defendant in *Hay*, Defendant has not suffered from the anxiety or concern that normally accompanies pending federal charges. Finally, unlike the defendant in *Hay*, Defendant was not neglected by the federal prosecutor. Rather, it appears that Defendant was inadvertently released from custody and deported due to confusion or miscommunication in the handling of his arrest warrant. While this is certainly a mistake, and one the Court expects the Government never to repeat, the mistake was not one that the prosecutor was responsible for, unlike the prosecutor in *Hay*. Indeed, Defendant benefitted from the Government's mistakes. He was released from custody when he should have been facing the charges in this case. Had he not illegally reentered again, he might have escaped prosecution completely.

    **B.**    **Rule 48 claim**

According to Federal Rule of Criminal Procedure 48(b), a court may dismiss an indictment if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial. FED. R. CRIM. P. 48(b). Dismissal pursuant to Rule 48(b) is mandatory only when "the constitutional speedy trial right has been flouted." *United States v. Hill*, 622 F.2d 900, 908 (5th Cir. 1980). The Court "has extremely broad discretion regarding whether to dismiss under Rule 48(b)." *United States v. Garcia*, 995 F.2d at 561 n.8 (5th Cir. 1993). While Rule 48(b) requires dismissal only when the right to a speedy trial has been violated, it "is not confined to constitutional violations but also embraces the inherent power of the court to dismiss for want of prosecution." *United States v. Novelli*, 544 F.2d 800, 803 (5th Cir. 1977). For example, purposeful delay may warrant dismissal under Rule 48(b). *See, e.g., United States v. Ward*, 211 F.3d 356, 362 (7th Cir. 2000)

7

("[N]oting that there was no evidence of purposeful delay by the prosecution, we find that the district court did not abuse its discretion in denying [a] motion to dismiss the indictment pursuant to Rule 48(b)."); *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir.1989) ("In general dismissal under Rule 48(b) is appropriate only where there is delay that is purposeful or oppressive.") (internal quotation omitted). The Court has not been presented with evidence that the delay in this case was purposeful or oppressive, nor does it find that the delay warrants dismissal for any other reasons.

### III. CONCLUSION

For the reasons set forth above, the Motion to Dismiss is **DENIED.**

**SO ORDERED**.

**SIGNED** on this 21st day of August, 2009.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE